## WILDES P. WALKER *vs.* JACOB SHERMAN.

In a suit by the payee against the acceptor of an order for the payment of a certain sum in goods, evidence is admissible and sufficient for the purpose of proving a consideration for the acceptance, that when the order was drawn, the drawer owed a debt to the payee, that the order was given in payment of that debt, and that it was accepted by the drawee, on request made by the drawer at the time when it was drawn; all the parties being present at the acceptance.

ASSUMPSIT on the money counts, and on the following order : "Boston, March 21st 1842. Mr. Sherman. Sir, please let the bearer have such goods as he may order on our account, not to exceed forty five dollars. J. D. Carlton & Co." Upon the back of this order the defendant wrote these words : "I accept the order, but must have time to make the work, if I have not it on hand.

Jacob Sherman."

At the trial in the court of common pleas, before *Merrick,* J. the plaintiff introduced evidence tending to prove that he was the original bearer of the order ; that this was known to the defendant ; that a demand was made by him, on the defendant, of payment of the order according to its terms ; and that the defendant refused to pay it.

The defendant contended that the burden of proof was on the plaintiff, to show, 1st, that he was the bearer or holder of the order, when it was accepted by the defendant; and 2d, to show a consideration for the defendant's promise. The judge ruled for the defendant on the second point; and the plaintiff then offered to prove that Carlton & Co. were indebted to him when the order was drawn ; that the order was given in payment of his claim on them; and that it was accepted at the request of Carlton & Co. at the time when it was drawn, all the parties thereto being present at the acceptance.

The judge, being of opinion that these facts, if proved, would not show a consideration for the defendant's promise, refused to receive evidence of them. A verdict was found for the defendant, and the plaintiff alleged exceptions.

*Hallett,* for the plaintiff, cited *Lent* v. *Padelford,* 10 Mass.

237. *Douglass* v. *Howland,* and *Andrews* v. *Pontue,* 24 Wend. 35, 285. *Oakley* v. *Boorman,* and *Allen* v. *Jaquish,* 21 Wend. 588, 628. *Stadt* v. *Lill,* 9 East, 348. *Leonard* v. *Vredenburgh,* 8 Johns. 29. *Gray* v. *Brackenridge,* 2 Pennsyl. 75. *Tenney* v. *Prince,* 4 Pick. 385. 1 U. S. Digest, Agreement, 40, 41.

*Dodge,* for the defendant. In all simple contracts, not negotiable, the plaintiff must allege, and the burden is on him to prove, a consideration. *Hemmenway* v. *Hickes.* 4 Pick. 499. 2 Greenl. on Ev. § 172. *Jackman* v. *Bow·ker,* 4 Met. 235. Between the drawer and drawee, an order for the payment of money imports a consideration. *Adams* v. *Robinson,* 1 Pick. 461. *Cabot* v. *Bourne,* 3 Met. 305. But in the case of an acceptance of an order for payment in goods, the payee must aver and prove that the acceptor had goods, or the proceeds of goods, belonging to the drawer. *Atkinson* v. *Manks,* 1 Cow. 707, 708. See also *Lansing* v. *M'Killip,* 3 Caines, 286. *Jerome* v. *Whitney,* 7 Johns. 321.

Evidence that Carlton & Co. were indebted to the plaintiff would not prove a consideration for the defendant's promise. 1 Cow. *ubi sup.* If forbearance of Carlton &. Co. had been promised, or if a discharge had been given to them, the case would have been different. But no proof of either of these facts was offered; and a written promise to pay the debt of another, without a consideration, is of no more validity than an oral promise.

WILDE, J. It appears to the court very clearly, that the evidence rejected at the trial in this case ought to have been admitted. The defence was, that the acceptance was not binding, there being no proof of any consideration for the defendant's promise. But unquestionably the evidence rejected would have proved abundantly a good consideration. The plaintiff offered to prove that Carlton & Co. were indebted to him at the time the order was drawn, and that the order was given in payment of his claim. If so, then the plaintiff's claim against Carlton & Co. was thereby discharged, and the

plaintiff could maintain no action except on the order. This would be a damage to the plaintiff; for he could not sue Carlton & Co. on the order, until he had demanded of the defendant the goods ordered to be delivered, and given notice of his refusal to Carlton & Co. This undoubtedly would be a good consideration. This would not only show a necessary forbearance, on the part of the plaintiff, to enforce his claim against Carlton & Co., but he must have been subject to the trouble of demanding the goods of the defendant, and of giving notice to Carlton & Co. in case of his refusal. Now the slightest damage to the plaintiff, or benefit to the defendant, is a sufficient consideration to support his promise, there being no fraud practised upon him in obtaining his acceptance of the order.

We are also of opinion, that the plaintiff would be entitled to recover on another ground, should he fail to prove that the order was accepted in payment of Carlton & Co.'s debt; for the other facts, offered to be proved, would be sufficient to authorize the inference that the plaintiff agreed to forbear suing Carlton & Co., on receiving the order, provided the plaintiff did so forbear. The case of *Breed* v. *Hillhouse,* 7 Connect. 523, was decided on a similar ground of presumption. There was, in that case, no express agreement to forbear, but it was inferred from the actual forbearance proved. " The agreement in question to forbear," Chief Justice Hosmer says, in delivering the opinion of the court, " was clearly proved, on a principle of probable presumption, which harmonizes with common sense, and is conformed to experience. The acceptance of the indorsed guaranty, by the plaintiff, and his consequent forbearance, prove the agreement in question, and are incompatible with any other supposition."

And besides ; it is not necessary to prove that any consideration passed between the plaintiff and the defendant, if, as the plaintiff offered to prove, the defendant accepted the order at the request of Carlton & Co., and at the time it was drawn, so that it was all one original and entire transaction. For if the order was binding on Carlton & Co., as it undoubtedly

was, if given as security for payment of the plaintiff's demand, that is sufficient to bind the defendant by his acceptance. For it must be considered that either he was indebted to Carlton & Co., or that he accepted the order for their accommodation; and in either case his acceptance was valid.

The doctrine on this point is laid down by Chief Justice Kent, with his usual accuracy, in *Leonard* v. *Vredenburgh*, 8 Johns. 37, 38, a case similar, substantially, to the present. " If," he says, " the contract between Johnson and the plaintiff had been executed and perfectly passed, before the defendant was applied to, so that his promise could not connect itself with the original communication, then the case would have been different, and the undertaking of the defendant would have required a distinct consideration. A mere naked promise to pay the already existing debt of another, without any consideration, is void. But in the present case, (as the plaintiff offered to show,) the promise was made at the time of the original negotiation between the plaintiff and Johnson," who was the maker of the note guarantied by the defendant. This principle and distinction have been frequently recognized by this and other courts, and is undoubtedly well established.

If the order in question was given by Carlton & Co. to the plaintiff, for a demand justly due to him, and the defendant accepted it at their request, and for their accommodation, as surety, the whole being one transaction, the defendant would be undoubtedly bound by his acceptance. . If the contract of the principal is valid, so also is that of the surety; or if it is void, the contract of the surety is void also; and the discharge of the principal discharges the surety.

We have no doubt, therefore, that if the facts which the defendant offered to prove at the trial are truly stated, this action may be well maintained.

*New trial granted.*